UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES A. BRUNO AND
KATHLEEN M. BRUNO,

    Plaintiffs,

vs.

NIAGARA MOHAWK POWER CORPORATION,
LG CONSTRUCTORS, INC.,
AND T D T REALTY CORP.

    Defendants

**COMPLAINT**

____ CV ____
(   /   )

---

Plaintiffs, James A. Bruno and Kathleen M. Bruno, by and through their attorneys, Powers & Santola, LLP, as and for a Complaint against the defendants, Niagara Mohawk Power Corporation, LG Constructors, Inc. and T D T Realty Corp., allege that at all times hereinafter mentioned:

## INTRODUCTORY STATEMENT

1. This is an action seeking damages for defendants' failure to provide the plaintiff with a safe place to work, as required by Sections 241 and 200 of the Labor Law of the State of New York, and as called for under the common law principals of negligence.

2. One or more of the exceptions set forth in CPLR §1602 applies to this action or claim for damages, including, but not limited to, the exceptions set forth in CPLR §1602 (2) and (8).

## JURISDICTION AND VENUE

3. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

4. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

5. Plaintiffs are citizens of the State of Vermont.

6. Upon information and belief, the defendant, Niagara Mohawk Power Corporation, is a domestic business corporation, incorporated pursuant to the laws of the State of New York, with a principal place of business located in Onondaga County, New York.

7. Upon information and belief, the defendant, LG Constructors, Inc., is a corporation incorporated under the laws of the State of Delaware and has its principal place of business located in South Carolina.

8. Upon information and belief, the defendant, T D T Realty Corp. is a domestic business corporation incorporated pursuant to the laws of the State of New York and has its principal place of business located in Rensselaer County, New York.

## FACTUAL ALLEGATIONS

9. The incident complained of herein occurred on June 26, 2009, at a certain premises located on the north side of Routes 9 and 20, just west of Corellis Drive in Rensselaer, New York, and at a location believed to be designated as 20 Corellis Drive, Rensselaer, Rensselaer County, New York.

10. Prior to the date of the incident complained of herein, the defendant, Niagara Mohawk Power Corporation, had certain electrical transmission facilities erected upon, or adjacent to, the property where the accident occurred.

11. At all times mentioned herein, the defendant, Niagara Mohawk Power Corporation, had acquired certain real property rights allowing it to enter upon the aforesaid

2

property to conduct its business of operating said transmission lines.

12. Prior to the date of the incident complained of herein, the defendant, Niagara Mohawk Power Corporation, took action to construct a new 345 kV transmission line to be built between the Empire Generating Plant in the City of Rensselaer, New York, and the National Grid Reynolds Road substation in the Town of North Greenbush, New York, a portion of which was to be erected at or near the location of the incident complained of.

13. Upon information and belief, at a time prior to the date of the incident complained of, the defendant, Niagara Mohawk Power Corporation, entered into a contract with the defendant, LG Constructors, Inc., whereby LG Constructors, Inc., agreed to construct a new 345 kV transmission line.

14. Upon information and belief, at all times mentioned herein, LG Constructors, Inc., was hired by Niagara Mohawk Power Corporation as a general contractor for this construction project.

15. Upon information and belief, the defendant, LG Constructors, Inc., was hired by the defendant, Niagara Mohawk Power Corporation, to supervise the construction of the project.

16. At all times herein mentioned, LG Constructors, Inc., was acting as the agent for Niagara Mohawk Power Corporation in connection with the construction of the 345 kV transmission line.

17. Upon information and belief, the defendant LG Constructors, Inc., entered into a subcontract with Michels Power, a division of Michels Corporation, hereinafter referred to as "Michels Power," to construct and erect the steel structures upon which

the electrical conduits would be suspended.

18. Upon information and belief, Michels Power leased premises from defendant, T D T Realty Corp., for use in connection with the work that was to be performed with regard to the construction of the 345 kV transmission line.

19. Upon information and belief, the defendant, LG Constructors, Inc., supervised and controlled the work to be performed by Michel Power.

20. On June 26, 2009, and at the time of the accident referred to herein, the plaintiff, James A. Bruno, was employed by Michels Power.

## THE INCIDENT

21. On or about June 26, 2009, the plaintiff, James A. Bruno, while in the course of his employment with Michels Power, and while working on the construction project herein mentioned, at the premises herein mentioned, was caused to sustain an electrical shock which ignited his person and caused severe and permanent personal injuries.

22. The electrical shock occurred when a mobile crane operated by an employee of Michel Power, came into contact with, or in close proximity to, a live electrical transmission line owned and/or operated by defendant Niagara Mohawk Power Corporation. This resulted in a high voltage surge of electricity traveling from the electrical line through the crane and into the body of the plaintiff, James A. Bruno, who was working in the vicinity of the crane.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT, NIAGARA MOHAWK POWER CORPORATION

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "22" above with the same force and effect as if more fully set forth herein

and further allege that:

24. The location of the construction work for the 345 kV transmission lines was in close proximity to the already-existing power lines being operated by defendant Niagara Mohawk Power Corporation, and Niagara Mohawk Power Corporation knew, or should have known, of the accessibility of these high voltage lines to those working on the project.

25. The incident complained of occurred as a result of defendant Niagara Mohawk Power Corporation's negligence and failure to exercise reasonable care in the operation and maintenance of its power lines under the circumstances then existing.

26. By reason of the facts aforesaid, plaintiff, James A. Bruno, has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "22" "24" and "25" above with the same force and effect as if more fully set forth herein and further allege that:

28. All defendants are owners, contractors and/or their agents, as that term is employed in Section 241 of the New York State Labor Law

29. The aforesaid incident, and the injuries and damages resulting therefrom, occurred as the result of the failure of the defendants, either individually or collectively, to provide the plaintiff with a safe place to work as required by Section 241 of the Labor Law of the State of New York.

30. By reason of the facts aforesaid, plaintiff, James A. Bruno, has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "22," "24," "25, "28" and "29" above with the same force and effect as if more fully set forth herein and further allege that:

32. The aforesaid incident, and the injuries and damages resulting therefrom, occurred as a result of the failure of the defendants, or any of them, to provide the plaintiff with a safe place to work as required by §200 of the Labor Law of the State of New York.

33. By reason of the facts aforesaid, plaintiff, James A. Bruno, has been damaged in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00).

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

34. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "22," "24," "25, "28," "29" and "32" above with the same force and effect as if more fully set forth herein and further allege that:

35. Plaintiff, Kathleen M. Bruno, is the lawful wife of the plaintiff, James A. Bruno.

36. Plaintiff, Kathleen M. Bruno, is entitled to the services, society and companionship of the plaintiff, James A. Bruno, and to all of the rights and benefits conferred on her by reason thereof.

37. As a result of the foregoing incident, the plaintiff, Kathleen M. Bruno, has been de-

prived of the services, society and companionship of her husband, James A. Bruno.

38. By reason of the facts aforesaid, the plaintiff, Kathleen M. Bruno, has been damaged in a sum of money having a present value of up to One Million and 00/100 Dollars ($1,000,000.00).

**WHEREFORE,** plaintiffs, James A. Bruno and Kathleen M. Bruno, demand judgment against the defendants as follows:

a) On the first cause of action, in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00);

b) On the second cause of action, in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00);

c) On the third cause of action, in a sum of money having a present value of up to Ten Million and 00/100 Dollars ($10,000,000.00);

d) On the fourth cause of action, in a sum of money having a present value of up to One Million and 00/100 Dollars ($1,000,000.00);

e) Together with the costs and disbursements of this action.

Dated: November 23, 2009

Daniel R. Santola
Bar Roll No. 505852
POWERS & SANTOLA, LLP
Attorneys for Plaintiffs.
  James A. Bruno and Kathleen M. Bruno
Office and P.O. Address
39 N. Pearl St., 6th Floor
Albany, New York 12207-2785
(518) 465-5995